IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES THEODORE BROOKS,<br>Petitioner | : | No. 4:CV-06-2282<br>(Judge Jones) |
| v. | : | (Magistrate Judge Mannion) |
| MARILYN S. BROOKS,<br>Superintendent, SCI-Albion,<br>Respondent. | : | |

## MEMORANDUM

March ____, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

The petitioner, James Theodore Brooks ("Petitioner"), an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvani (SCI-Albion), filed this *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on November 27, 2006.

The case was referred to United States Magistrate Judge Malachy E. Mannion for preliminary review. Thereafter, on January 12, 2007, Magistrate Judge Mannion issued a Report and Recommendation (doc. 9) recommending that the Petition for Habeas Corpus be denied because the Petitioner has failed to exhaust state remedies, or in the alternative, the Petitioner failed to file the Petition within the statute of limitations.

1

Objections to Magistrate Judge Mannion's Report were due by January 29, 2007. Petitioner filed objections to the Magistrate Judge's Report. (Rec. Doc. 10) This matter is now ripe for our review.

## STANDARD OF REVIEW:

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.31. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## FACTUAL AND PROCEDURAL BACKGROUND:

On February 24, 1997, Petitioner, represented by counsel, pled guilty to a second-degree felony murder charge. He never appealed his conviction nor filed for relief under Pennsylvania's Post-Conviction Relief Act. Consequently, his

conviction became final on March 26, 1997.

In the instant Petition, Petitioner claims that he did not appeal or collaterally challenge his conviction because as an alleged American Indian arrested in his home, which he contends is federally recognized Indian land, he was not subject to the state's criminal jurisdiction. He attempts to overcome the one-year statute of limitations on bringing a habeas claim, 28 U.S.C. § 2244(d)(1), and the requirement that state remedies be exhausted, 28 U.S.C. § 2254(b)(1), by arguing that he only discovered on October 12, 2006 that Pennsylvania lacked subject matter jurisdiction over him because of his rights as an American Indian. He concedes, however, that he informed his lawyer before his guilty plea that he was an American Indian.

## **LEGAL FRAMEWORK**:

The legal frameworks concerning exhaustion of remedies and statute of limitations as they relate to habeas claims are well-established. Within the report, Magistrate Judge Mannion undertakes a detailed review of the relevant law. We shall, for the sake of completeness, briefly summarize.

### Statute of Limitations

A district court may only entertain a claim raised under §2254 that is filed within the one-year statute of limitations. The one-year period runs from the later

of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2241(d)(1)(D). See also Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

The statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(2). The statute of limitation is equitably tolled when "extraordinary" circumstances prevented a petitioner form raising his rights and the petitioner diligently pursued his rights. The doctrine of equitable tolling is to be invoked "sparingly." Brinson v. Vaugh, 398 F.3d 225, 230 (3d Cir. 2005)(quoting Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 95 (1990)). The Third Circuit has identified three circumstances in which equitable tolling is warranted: the respondent "actively misled the petitioner; the petitioner was in some extraordinary manner prevented from asserting his rights; and the petitioner mistakenly, but timely, asserted his rights in an incorrect forum. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)(citing Jones v. Morton, 195 F.3d 153, 159)(3d Cir. 1999)).

Exhaustion of State Remedies

A district court may only grant a habeas petition of the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. § 2254(b)(1)(A); see also Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). Exhaustion requires the petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . by invoking one complete round of the state's established appellate review process," including petitioning for discretionary appeal. O'Sullivan v. Boerckel, 526 U.S. 838, 844-845 (1999); Slutzker, 393 F.3d at 380 (citing Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996)). The burden is on the petitioner to establish that all available state remedies have been exhausted. Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005).

Exhaustion is excused for futility if "there is an absence of available State corrective process," for example when an appeal or petition for review would be procedurally barred as untimely, or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); Slutzker, 393 F.3d at 380 (citing Doctor, 96 F.3d at 681). However, if exhaustion is futile because the petitioner failed to satisfy a state procedural

5

requirement, then the petitioner has procedurally defaulted and the exhaustion requirement is not excused. Coleman, 501 U.S. at 729-730; Slutzker, 393 F.3d at 380-381. Federal courts may not entertain habeas petitions where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds." Coleman, 501 U.S. at 729-730; Slutzer, 393 F.3d at 380-381.

Procedural default may be excused only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[1] Coleman, 501 U.S. at 749-50; Slutzker, 393 F.3d at 380-381. To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray, 477 U.S. at 488. Actual prejudice requires a petitioner to establish that an error caused him "actual and substantial disadvantage." Murray, 477 U.S. at 494 (citing United States v. Frady, 456 U.S. 152, 170 (1982)).

**DISCUSSION:**

---

[1] As Magistrate Judge Mannion notes, the miscarriage of justice exception is available only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).

On December 20, 2006, Magistrate Judge Mannion reviewed the Petition in his preliminary consideration under Rule 4 of the Rules Governing Section 2254 cases and found that the Petitioner had not satisfied the statute of limitations or the exhaustion of remedies requirement.

The Petitioner does not dispute that he did not appeal or collaterally attack his conviction, meaning that the statute of limitations ran on March 26, 1998, one year after the conviction became final. Therefore, the Petitioner has procedurally defaulted. The Magistrate Judge found no grounds upon which to excuse the Petitioner's procedural default. Furthermore, the Magistrate Judge found no grounds upon which to equitably toll the statute of limitations, finding no merit in the Petitioner's claim that the state impeded his ability to know of his rights as an Indian and that evidence could only recently have been discovered. The Magistrate Judge recommends that the Court deny the Petition for the Petitioner's failure to exhaust state remedies, or in the alternative, for failure to petition within the statute of limitations.

The Petitioner objects to the Magistrate Judge's report, essentially arguing that by virtue of his status as an American Indian, he is excused from the exhaustion of state remedies requirement prior to filing a federal habeas petition. The Petitioner also argues that the statute of limitations should be tolled because

he persisted with due diligence in framing the instant Petition.

While we are cognizant of Petitioner's objections, what we find most troubling is the fact that Petitioner did not show in his Petition why he should be excused from allowing the state courts to address whether he was properly subjected to state criminal process before seeking relief in Federal court. It is squarely within the province of a state court to determine whether or not it has jurisdiction over a matter. Therefore, merely because the Petitioner has determined that the state courts do not have jurisdiction over him does not empower him to bypass state exhaustion procedures in their entirety. The Petitioner has not provided the Court with adequate grounds to excuse his procedural default – he can point to no "cause" that prevented him from complying with the procedural rules of the state courts. Petitioner admits that he and his counsel were aware of his American Indian status during the pendency of the criminal matter before the state courts. He provides the Court with nothing to suggest a justifiable, excusable cause for his procedural default. Accordingly, we find that the Petitioner failed to exhaust state remedies prior to filing the instant Petition and the Petition should be dismissed on this basis.

Our review of the record further reveals that the Petitioner, despite his assertion to the contrary, is not entitled to the protection of equitable tolling of the

statute of limitations. As previously mentioned, federal courts are to use the doctrine of equitable tolling "sparingly." We find that the Petitioner has not presented the Court with "extraordinary" circumstances that warrant an equitable tolling of the statute of limitations. Petitioner squarely knew of his status as an American Indian, and therefore the burden was on him to diligently pursue the set of rights he is entitled to by virtue of his status. Accordingly, his claim that the state could not prosecute him by virtue of his American Indian status and his arrest on American Indian land existed to him from the inception of the prosecution against him. His cursory argument that the state somehow interfered with his ability to know of his rights as an American Indian is frivolous at best. Accordingly, we find that the statute of limitations cannot be equitably tolled, and find that the Petition should be dismissed for failure to file within the statute of limitations.

## CONCLUSION:

For the foregoing reasons, we shall overrule the Petitioner's objections and adopt Magistrate Judge Mannion's Report and Recommendation (doc. 9), thereby dismissing the Petition. An appropriate Order shall issue.

_____
John E. Jones III
United States District Judge